# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD EUGENE HAYDEN, | : | CIVIL NO: 1:13-CV-2829 |
| Petitioner, | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Carlson) |
| WARDEN, U.S.P. ALLENWOOD, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

The instant habeas corpus petition represents what is undeniably a second and successive post-conviction petition filed by the petitioner, a federal inmate serving a sentence following his conviction in the United States District Court for the Western District of Virginia on drug charges in 1994.  Hayden's petition alleges that he unsuccessfully pursued a direct appeal of this conviction, and a motion to vacate sentence pursuant to 28 U.S.C. §2255, arguing that the court improperly determined the drug weights attributable to him as part of this alleged drug trafficking.  (Doc. 1) It is against this backdrop that Hayden has filed the instant  petition.  Dissatisfied, but undeterred, Hayden has now filed a petition, (Doc. 1), arguing that a recent Supreme Court decision,  Alleyne v. United States, 133 S. Ct. 2151, 2154, 186 L. Ed. 2d 314 (2013), requires that this conviction be

set aside since the issue of drug weights was not submitted to the jury for decision. For the reasons set forth below, we find that this petition is a successive petition which should be brought in the district of conviction. Therefore, it is recommended that this petition be denied, without prejudice to Hayden making a proper application to the court of appeals for leave to file a successive petition in the district of his conviction.

## II. Discussion

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal pursuant to Rule 4 is appropriate here for at least two reasons

since prisoners, like Hayden, seeking habeas relief must satisfy several specific, and precise, procedural standards.

> **A. Hayden Should Pursue this Claim Through a Motion Pursuant to 28 U.S.C. §2255 Filed in the Court of Conviction**

At the outset, it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). It is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy

exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an exception that has no application here. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000)

4

(recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the

5

narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. On its face, Hayden's petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Hayden cannot argue that drug trafficking and related offenses are matters which an intervening change in substantive law has made no longer criminal. Dorsainvil, 119 F.3d at 251. Quite the contrary, this activity remains as illegal today as it was when Hayden was convicted of these crimes. Nor can Hayden belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of drug trafficking, he is "actually innocent" of some sentencing enhancement. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Sorrell v. Bledsoe, 437 F. App'x 94, 96 (3d Cir. 2011) cert. denied, 132 S. Ct. 1544 (U.S. 2012); Montes v.

Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, the Dorsainvil exception, under which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255, simply has no legitimate application here.

Instead, the petitioner's current § 2241 petition seems explicitly premised on a notion of judge-shopping, a desire to re-litigate claims in a different forum. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction. See Manna v. Schultz, 591 F.3d 664 (3d. Cir. 2010) Therefore, this request to pursue relief under §2241 in lieu of using the remedy expressly provided by law, a motion pursuant to 28 U.S.C. §2255, should be rejected by this Court and Hayden's petition should be dismissed.

    **B.**     **This is Hayden Second Petition to Vacate Sentence and Must Be Presented in the First Instance to the Court of Appeals**

Moreover, by Hayden's own admission this is a second or successive petition since Hayden previously sought post-conviction relief on similar grounds. Therefore, Hayden's second petition is subject to another set of procedural requirements since it is clear that:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed.

8 U.S.C. § 2244 (a) and (b)(1).

This limitation on the filing of successive petitions also explicitly applies to motions to vacate sentence brought by federal prisoners under §2255, which states that:

> **(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (h).

This prohibition on second and successive post-conviction petitions in federal court serves an important function in the orderly administration of justice. As the court of appeals stated:

> Pursuant to this gate-keeping function, AEDPA instructs the courts of appeals to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. See 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two narrow exceptions applies:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> Id. § 2244(b)(2)(A)-(B)(ii). Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition "acts as a jurisdictional bar." United States v. Key, 205 F.3d 773, 774 (5th Cir.2000).

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Judged against these yardsticks, Hayden's latest petition also fails since this petition is undeniably a successive petition. Since this petition is plainly a successive petition, it is clear that Hayden's pathway to relief does not lie in the first instance with this Court. Rather,"[t]he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), places the federal courts of appeals in the role of 'gate-keeper,' charging them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction [or sentence].' Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir.2009)." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011).

Therefore, Hayden is not free to simply re-state this claim in a successive petition filed with the district court. Instead, he must follow the course prescribed by law, he must first present that claim to the court of appeals and must show that: "one of two narrow exceptions applies: (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011). Given that Hayden has not followed this course mandated by law, this petition must be dismissed since: "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.' United States v. Key, 205 F.3d 773, 774 (5th Cir.2000)." Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).[1]

---

[1]There is yet another reason why it is appropriate to defer initially to the court of appeals in this matter. While district courts in this circuit and the Fourth Circuit have addressed the question of whether Alleyne applies retroactively, and have found that it does not, United States v. Reyes, CRIM.A. 06-654-1, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); Doyle v. United States, CIV.A. 13-5284 RMB, 2013 WL 5521578 (D.N.J. Oct. 3, 2013); Christian v. United States, CIV. CCB-13-2868, 2013 WL 5566507 (D. Md. Oct. 8, 2013)("courts that have considered the retroactivity of Alleyne have concluded that it is not retroactive. See, e.g., Simpson v. United States, 721 F.3d 875, 876 (7th Cir.2013) (internal citation omitted) ("Alleyne is an extension of Apprendi v. New Jersey.... The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review."); In re Payne, ––– F.3d ––––, 2013 WL 5200425, at *1–2 (10th Cir.2013) (same); see also United States v. Condra, 2013 WL 4678165, at *2 n. 4 (W.D.Va. Aug. 30, 2013) (citing Simpson and noting that the Supreme Court made no declaration that Alleyne was to apply retroactively to cases on collateral review); Castellano v. United States, ––– F.Supp.2d ––––, 2013 WL 4516793, at *2 (S.D.N.Y. Aug. 20, 2013) (stating that the court has found no authority to support the proposition that Alleyne applies retroactively to cases on collateral review))," the courts of appeals have not yet spoken to this issue. A finding that this rule announced in Alleyne applies retroactively is a necessary prerequisite to a successive post-conviction petition. By directing Hayden to follow the procedures

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DISMISSED without prejudice to Hayden requesting leave from the court of appeals to pursue a second and successive petition in the court of conviction.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

---

for second and successive petitions, and file an application with the court of appeals, we will enable Hayden to have this question directly addressed by the appellate court. Further, since this matter is properly considered a successive petition under 28 U.S.C. § 2255 (h) this request should be filed with the United States Court of Appeals for the Fourth Circuit, which oversees the United States District Court for the Western District of Virginia.

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of November, 2013.

>*S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge