# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD EUGENE HAYDEN,** : | **CIVIL ACTION NO. 1:13-CV-2829** |
| **Plaintiff,** : | **(Chief Judge Conner)** |
| v. : | |
| **WARDEN, U.S.P. ALLENWOOD,** : | |
| **Defendant.** : | |

## ORDER

AND NOW, this 16th day of December, 2013, upon consideration of the report of Chief Magistrate Judge Martin C. Carlson (Doc. 4), recommending the court dismiss the petition for a writ of habeas corpus (Doc. 1) filed by Reginald Eugene Hayden ("Hayden") without prejudice to Hayden requesting leave from the court of appeals to pursue a second and successive petition in the court of conviction, and following an independent review of the record, this court agreeing with the magistrate judge that Hayden's instant petition is indeed an improper second and successive petition and thus procedurally improper and subject to summary dismissal, and it appearing that neither party has

objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 4) is ADOPTED in its entirety.

2. The petition (Doc. 1) for a writ of habeas corpus filed by Reginald Eugene Hayden ("Hayden") is DISMISSED without prejudice to Hayden requesting leave from the court of appeals to pursue a second and successive petition in the court of conviction.

3. The Clerk of Court is DIRECTED to close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.